UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DENNIS CRUZ,** *on behalf of himself, individually, and all others similarly situated.*<br><br>**Plaintiff,**<br><br>— against —<br><br>**PELL'S POINT LLC, CLAYTON BUSHONG, individually, and BRENAN HEFNER, individually,**<br><br>**Defendants.** | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Dennis Cruz ("Plaintiff"), by his attorneys, Criscione Ravala, LLP, as and for his Complaint against Defendants, Pell's Point LLC, Clayton Bushong, individually, and Brenan Hefner, individually (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

1. Plaintiff brings this action for damages and equitable relief based upon the willful violations of the Defendants relating to unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the "Spread of Hours Wage Order"), and for violations of NYLL §195 which require that employers furnish employees with (i) wage statements on each payday and (ii) a wage notice at hire, and any other claim(s) that can be inferred from the facts set forth herein, as well as, applicable liquidated damages, interest, attorneys' fees and costs.

2. Plaintiff brings this lawsuit against Defendants pursuant to the collection action provisions of the FLSA, 29. U.S.C. §216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his wage-related claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, who opt-in to this action.

3. Plaintiff, on an individual basis only, also brings this action to recover for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, conversion, *quantum meruit*, and punitive damages.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over the Defendants because the Defendants reside and/or regularly conduct and/or transact business in the State of New York.

6. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a restaurant located in this district. Further, Plaintiff resides in this district and was employed by Defendants in this district.

## III. PARTIES

7. Plaintiff Dennis Cruz is an adult individual residing in Rockland County, New York.

8. Plaintiff was employed by Defendants at Cantina Lobos restaurant from approximately October 12, 2016 until December 18, 2018.

9. Upon information and belief, Defendant Pell's Point, LLC is a domestic limited liability company, incorporated in the County of Westchester, in the State of New York, having its principal place of business at 217 Wolfs Lane, Pelham, New York 10803.

10. Defendant Clayton Bushong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Clayton Bushong is sued individually in his capacity as owner, manager, principal, and/or agent of Defendant Pell's Point LLC. Defendant Clayton Bushong possesses operational control over Defendant Pell's Point LLC, an ownership interest in Defendant Pell's Point LLC, and controls significant functions of Defendant Pell's Point LLC. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

11. Defendant Brenan Hefner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Brenan Hefner is sued individually in his capacity as owner, manager, principal, and/or agent of Defendant Pell's Point LLC. Defendant Brenan Hefner possesses operational control over Defendant Pell's Point LLC, an ownership interest in Defendant Pell's Point LLC, and controls significant functions of Defendant Pell's Point LLC. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

12. At all relevant times herein, Defendants owned, operated, or controlled a restaurant, under the name of "Cantina Lobos" located at 217 Wolfs Lane, Pelham, New York 10803.

## IV. COLLECTIVE CLASS ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum and overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as chefs, dishwashers, cleaners, kitchen workers, servers, or in a similar role, and who consent to file a claim to recover damages for minimum and overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: 1) performed similar tasks, as described in the "Factual Allegations" section below; 2) were subject to the same laws and regulations; 3) were paid in the same or similar manner; 4) were required to work in excess of forty hours in a workweek; and 5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater,

for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## V. FACTUAL ALLEGATIONS

17. Plaintiff was employed by Defendants at the restaurant, "Cantina Lobos," from approximately October 12, 2016 until December 18, 2018.

18. During Plaintiff's employment with Defendants, he worked as a chef, dishwasher, cleaner, kitchen worker, server, and in miscellaneous roles performing duties related to cooking, cleaning, stocking, and serving patrons of the Defendants' restaurant, Cantina Lobos.

19. Plaintiff worked from 10:00 a.m. until 10:00 p.m., seven days, typically working approximately seventy-two to ninety (72-90) hours per work week.

20. For all work performed, including work performed, well in excess of forty (40) hours per work week, Plaintiff only received payment of $689.00 per work week, despite an agreement (the "Executive Agreement) between the parties that Plaintiff would receive $1300.00 per work week.

21. On December 18, 2018, Defendants terminated Plaintiff in violation of the Execution Agreement, which Executive Agreement required a thirty (30) day written notice of termination.

22. In violation of the Executive Agreement, Defendants failed to compensate Plaintiff for thirty (30) days.

23. A Limited Liability Company Agreement of Pell's Point LLC was signed between Plaintiff and Defendants, giving Plaintiff a 1.92% initial ownership interest in Defendant Pell's Point LLC.

24. Plaintiff's membership interest in Defendant Pell's Point LLC is currently assessed at 2.78% and set to increase to 6.59% at some point.

25. At all relevant times, Defendants, were Plaintiff's employers within the meaning of the FLSA and NYLL.

26. Defendants Clayton Bushong and Brenan Hefner possess operational control over Defendant Pell's Point LLC, possess ownership interests in Defendant Pell's Point LLC, and control significant functions of Defendant Pell's Point LLC.

27. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

28. Throughout Plaintiff's employment, Defendants, had a gross annual volume of sales of not less than $500,000.00

29. In addition, upon information and belief, Defendants were directly engaged in interstate commerce.

30. At all times relevant herein, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

31. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

32. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked and resulting in Plaintiff's effective rate of pay falling below the required minimum wage rate.

33. Defendants habitually required Plaintiff to work additional hours beyond his regular shifts but never provided him with any additional compensation.

34. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

35. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

36. Further, Defendants failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

37. Moreover, Defendants failed to provide Plaintiff, at the time of hiring and each subsequent year, a statement containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodgings allowances; the regular pay designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required by NYLL §195(1).

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Minimum Wage Provisions of the FLSA**

38. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39. As outlined above, at all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

40. As also outlined above, At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

41. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(r-s).

42. In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate between October 12, 2016 until December 18, 2018.

43. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. §255(a).

44. Plaintiff and FLSA Plaintiffs are entitled to minimum wage pay for all hours worked at their respective regular rates of pay.

45. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA minimum wage provisions.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the FLSA**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. As outlined above, Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

48. As also outlined above, Defendants' failure to pay Plaintiff overtime compensation is willful within the meaning of 29 U.S.C. §255(a).

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA overtime provisions.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the New York Minimum Wage Act**

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. As outlined above, At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and methods of any compensation in exchange for his employment.

53. Defendants, in violation of NYLL §652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff and FLSA Plaintiffs that opt-in less than the minimum wage.

54. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in minimum wage is willful within the meaning of N.Y. Lab. Law §663.

55. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Overtime Provisions of the New York State Labor Law**

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants, in violation of N.Y. Lab. Law §190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff and FLSA Plaintiffs that opt-in overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

58. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in overtime compensation is willful within the meaning of N.Y. Lab. Law §663.

59. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Defendants failed to pay Plaintiff and FLSA Plaintiffs that opt-in one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R. §§146-1.6.

62. Defendants' failure to pay Plaintiff and FLSA Plaintiffs that opt-in an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours is willful within the meaning of NYLL §663.

63. Plaintiff and FLSA Plaintiffs that opt-in was damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of the Wage Statement Provisions of the New York Labor Law

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. With each payment of wages, Defendants failed to provide Plaintiff and FLSA Plaintiffs that opt-in with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants are liable to Plaintiff and FLSA Plaintiffs that opt-in in the amount of $5,000.00, together with costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Violation of the Timely Payment Provisions of the New York Labor Law

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants did not pay Plaintiff and FLSA Plaintiffs that opt-in on a regular weekly basis, in violation of NYLL §191.

69. Defendants are liable to Plaintiff and FLSA Plaintiffs that opt-in in an amount to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Breach of Contract**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Plaintiff and Defendants had a contractual relationship.

72. Plaintiff and Defendants entered into an Executive Chef Agreement and a Limited Liability Company Agreement of Pell's Point LLC.

73. The Executive Chef Agreement stated that Plaintiff would receive $1,300.00 per week.

74. The agreement also stated that Plaintiff must receive thirty (30) days written notice of termination, regardless of whether Plaintiff was terminated with or without cause.

75. Defendants breached their obligations under the agreement by failing to pay the contract rate each week, and by failing to give Plaintiff thirty (30) days written notice of termination.

76. The Limited Liability Company Agreement of Pell's Point LLC gave Plaintiff a 1.92% initial ownership interest in Defendant Pell's Point LLC.

77. Defendants are depriving Plaintiff of his ownership interest in Defendant Pell's Point LLC.

78. Plaintiff has performed his contractual obligations by performing his work duties under the agreements.

79. Defendants materially breached these contracts with Plaintiff.

80. Plaintiff has incurred significant costs and loss of income due to Defendants' breaches.

81. Plaintiff has been damaged as a result of Defendants' breaches, in an amount to be determined at trial, plus applicable interest, reliance damages, restitution, and any other damages caused as a proximate result of Defendants' breaches.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Unjust Enrichment

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. As set forth herein, valid and enforceable contracts exist between the parties. In the event that the Court should find those contracts invalid for any reason, Plaintiff, in the alternative, states a claim for unjust enrichment.

84. Plaintiff conferred a benefit on the Defendants by performing his duties under the contracts.

85. By means of wrongful conduct alleged above, Defendants have unjustly, knowingly, and willingly breached the contracts with Plaintiff and have been enriched by receiving Plaintiff's services, and otherwise benefitting from Plaintiff's services, and not compensating Plaintiff for his services, along with depriving Plaintiff of his membership units.

86. It would be fundamentally unjust and unfair to allow Defendants to retain the income owed to Plaintiff and deprive Plaintiff of his membership units.

87. As a direct and proximate cause of Defendants' wrongful and willful misconduct, Plaintiff suffered injury and is entitled to reimbursement and disgorgement by Defendants of the benefit conferred by Plaintiff.

88. By reason of the foregoing, Defendants are liable to Plaintiff for the income owed to Plaintiff, as well as for the deprivation of Plaintiff's membership units, in the amount of damages to be determined at trial, plus applicable interest, and damages suffered as a result of Defendants' actions.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Breach of the Covenant of Good Faith and Fair Dealing

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. In all contracts there is an implied covenant of good faith and fair dealing, whereby the parties must deal with each other honestly and in good faith, not only with respect to the performance of a contract, but also in their enforcement of the terms of said contract.

91. Defendants' misconduct as alleged herein constitutes a material breach of the implied covenant of good faith and fair dealing.

92. As a direct and proximate cause of Defendants' breach of the implied duty of good faith and fair dealing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Quantum Meruit

93. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

94. Plaintiff performed his duties under the contracts, while Defendants breached their duties under the contracts.

95. Plaintiff reasonably expected to be compensated for his duties performed under the contracts.

96. By reason of the foregoing, Defendants are liable to Plaintiff in quantum meruit for the reasonable value of the services rendered to Defendants, in an amount to be determined at trial.

### AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Conversion**

97. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98. A Limited Liability Company Agreement of Pell's Point LLC was signed between Plaintiff and Defendants, giving Plaintiff a 1.92% initial ownership interest in Defendant Pell's Point LLC.

99. On December 18, 2018, Plaintiff received a Notice of Termination stating that he was terminated, incorrectly, for cause as of December 18, 2018.

100. Because Defendants' claim Plaintiff was terminated for cause in Plaintiff's termination notice, according to the Executive Chef Agreement, Plaintiff's membership units should be forfeited and/or transferred to Defendants.

101. Defendants incorrectly terminated Plaintiff for cause.

102. Defendants knowingly and willfully stated in their Notice of Termination that Plaintiff was being terminated for cause so that Defendants could purposefully forfeit Plaintiff's membership units.

103. Defendants possess or have converted all of Plaintiff's membership units that rightfully and legally belong to Plaintiff.

104. Defendants have acted in a manner that has deprived Plaintiff of his right to receive the benefits of his membership units that are rightfully due to Plaintiff under the parties agreements.

105. Based on the foregoing, Plaintiff has been damaged in an amount to be determined at trial, plus interest, attorneys' fees, court costs, and all other expenses that have or will be incurred by Plaintiff as a result of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**Punitive Damages**

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants' misleading and deceitful actions as alleged herein were intentional, willful, damaging to Plaintiff, and demonstrated wanton dishonesty and indifference to Defendants' obligations.

108. Plaintiff is entitled to the maximum award of punitive damages allowed by law.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court:

(a) Award Plaintiff actual damages in an amount to be determined at trial; and

(b) Award Plaintiff all other compensatory, economic, incidental, liquidated, and punitive damages on all causes of actions where allowable; and

(c) Award Plaintiff pre-judgment and post-judgment interest on all causes of actions where allowable; and

(d) Award Plaintiff costs, disbursements and attorneys' fees; and

(e) Award such other and further relief, whether in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 14, 2019
New York, New York

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

*/s/ Galen J. Criscione*
Galen J. Criscione, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
Tel: (212) 920-7142
Fax: (800) 583-1787
E-mail: GCriscione@lawcrt.com
*Attorneys for Plaintiff*

## **VERIFICATION**

I, DENNIS CRUZ, hereby do affirm that I am the Plaintiff named in the foregoing Complaint, and that the contents of said Complaint are true to my own knowledge except as to those facts alleged upon information and belief, and that as to those facts I believe same to be true.

_____
Dennis Cruz