UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DENNIS CRUZ, on behalf of himself and
others similarly situated,
                Plaintiff,

v.

PELLS POINT LLC; CLAYTON BUSHONG;
and BRENAN HEFNER,
                Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 1425 (VB)

      On February 14, 2019, plaintiff Dennis Cruz brought this action on behalf of himself and others similarly situated against defendants Pells Point LLC, Clayton Bushong, and Brenan Hefner, alleging defendants violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), New York regulations for "spread of hours" and overtime wage orders, codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6, as well as various other state laws.

      On March 21, 2019, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing plaintiff's claims should be dismissed "because there is <u>no genuine issue of fact</u> regarding Plaintiff's status as an exempt executive employee" and "the <u>undisputed facts</u> show" that plaintiff was free from control or supervision. (Def. Br. at 11, 23) (emphases added). In so arguing, defendants never once cite to plaintiff's allegations in the complaint; instead, they submit two declarations from defendants, which assertedly comprise the "undisputed facts."

      In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the approach articulated by the U.S. Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009): "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 679.

1

Defendants' motion ignores this fundamental directive. Defendants argue plaintiff's allegations are false, which is not an appropriate argument on a motion to dismiss when the Court must assume the truth of a plaintiff's well-pleaded factual allegations and draw all reasonable inferences in a plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. at 679. Thus, the instant motion disregards Rule 12(b)(6)'s fundamental purpose—to test the operative complaint's formal sufficiency "without resolving a contest regarding its substantive merits." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).

Accordingly, defendants' motion to dismiss is DENIED.

Defendants must file an answer by April 9, 2019.

The Clerk is instructed to terminate the motion. (Doc. #14).

Dated: March 26, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge